IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAVIER MUNOZ DEAVILA,       §
                                   §
            Petitioner,         §
                                   §
V.                             §
                                   §     No. 3:13-cv-1675-D-BN
WILLIAM STEPHENS, Director    §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,     §
                                 §
           Respondent.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Javier Munoz DeAvila, a Texas prisoner, has filed an application for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the

application should be dismissed on limitations grounds.

**Background**

On May 1, 2003, a Dallas County jury found Petitioner guilty of murder, and he

was sentenced to a term of life imprisonment. The conviction was affirmed on direct

appeal. *See DeAvila v. State*, No. 05-03-00705-CR, 2004 WL 858912 (Tex. App. – Dallas,

Apr. 22, 2004, pet. ref'd). Petitioner also filed an application for state post-conviction

relief. The application was denied without written order on the findings of the trial

court. *See Ex parte DeAvila*, WR-63,922-02 (Tex. Crim. App. June 22, 2011).

Petitioner then filed this action in federal district court for the Eastern District

of Texas. The petition was transferred to this Court.

Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 9. Petitioner addressed the limitations defense in his habeas petition [*see* Dkt. No. 1 at 48-66], and in a reply docketed on July 12, 2013, [*see* Dkt. No. 11].

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to

equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new, reliable evidence sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

## Analysis

Petitioner was found guilty of murder, his conviction was affirmed on direct appeal, and his petition for discretionary review was refused on October 13, 2004. Because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final for limitations purposes 90 days thereafter, on January 11, 2005. *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (finality is established by the expiration of the 90-day period to seek further review with the Supreme Court). Petitioner submitted an application for state post-conviction relief no earlier than January 15, 2010. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was denied on June 22, 2011. *See Ex parte*

*DeAvila*, WR-63,922-02 (Tex. Crim. App. June 22, 2011). Petitioner filed this action in federal court no earlier than some time in March 2013.[1]

The AEDPA statute of limitations started to run on January 11, 2005, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period is not subject to statutory tolling for the period of time during which Petitioner's state habeas application was pending, because it was filed more than one year after his conviction became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Without statutory tolling, Petitioner filed his federal writ over seven years after the expiration of the one-year statute of limitations. Even allowing for the 524 days that Petitioner's state habeas writ was pending, his federal habeas application would still be untimely by over five years.

In an attempt to excuse this delay, Petitioner argues that he discovered the factual predicate of his claims on November 17, 2009, when he received a police report and news reports challenging the reliability of certain autopsy procedures that may have been employed in his case. *See* Dkt. No. 1 at 48-50. Petitioner contends that "[t]he factual predicate of the after-discovered evidence was not reasonably discoverable until November 2009, the date petitioner received the autopsy and forensic reports." *Id.* at 50.

---

[1] Petitioner's habeas application indicates that it was signed on April 10, 2013. *See* Dkt. No. 1 at 26, 46, & 66. However, the pleading was received in the Eastern District of Texas on April 8, 2013. *See id.* at 1. Therefore, Petitioner could not have signed and mailed his petitioner as late as April 10 and must have delivered it to prison authorities some time before April 8 and likely some time at the end of March.

Initially, Petitioner has failed to establish that the contents of the police report or reports challenging the accuracy of certain autopsy methods establish that he is "actually innocent" of capital murder. Even if Petitioner is correct that his claims were not available prior to November 17, 2009 – which justified his submission of a state habeas writ on January 15, 2010 – that writ was denied on June 22, 2011. He filed his application for federal habeas relief almost two years later. His claims of innocence cannot be considered "newly discovered" in any sense.

But, to establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. That is, Petitioner has not provided "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin,* 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 329).

Petitioner requests that this Court hold an evidentiary hearing to further develop the record in support of his petition. *See* Dkt. No. 1 at 7. But the state court was presented with the evidence on which Petitioner now relies and denied his claims. The United States Supreme Court has made clear that a federal court cannot expand the record on a claim adjudicated on the merits in state court. *See Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011). That is, "review under § 2254(d)(1) is limited to the record

that was before the state court that adjudicated the claim on the merits." *Id.* Because Section 2254 "requires an examination of the state-court decision at the time it was made," the Supreme Court held that "the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." *Id.* There is no basis to order an evidentiary hearing under these circumstances. Insofar as Petitioner may be claiming that he failed to develop the factual basis for a claim in state court, this Court shall not conduct an evidentiary hearing on the claim unless the claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence Petitioner's actual innocence. *See* 28 U.S.C. § 2254(e)(2). Petitioner does not satisfy these statutory requirements.

Without proof of actual innocence or a basis for equitable or statutory tolling, Petitioner's writ must be dismissed as untimely.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE